**In the Matter of the Fee Agreement of Bruce Tyler WICK.**

**Bruce Tyler WICK, Movant–Appellee,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellant.**

**No. 94–7017.**

United States Court of Appeals, Federal Circuit.

Nov. 7, 1994.

Bruce Tyler Wick, argued Pro Se. Keith D. Snyder, Westlake, OH, argued for movant-appellee.

John S. Groat, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for respondent-appellant. With him on the brief were Frank W. Hunger, Asst. Atty. Gen. and David M. Cohen, Director. Of counsel were Donald E. Zeglin and Martin Sendek, Dept. of Veterans Affairs.

William G. Smith, Vice–President, Nat. Organization of Veterans Advocates, Los Angeles, CA, was on the brief for amicus curiae, Nat. Organization of Veterans Advocates.

Before MAYER, MICHEL, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

The Secretary of Veterans Affairs ("Secretary") appeals from the September 3, 1993 decision of the United States Court of Veterans Appeals directing the Secretary to pay Bruce Tyler Wick the attorney fee specified in a fee agreement between Wick and his client. *In re Wick,* No. 91–1412 (reported as *In re Smith,* 4 Vet.App. 487), *reh'g en banc denied,* 5 Vet.App. 307 (1993). Because the court lacked subject matter jurisdiction over Wick's motion to compel payment, we vacate and remand for entry of dismissal.

## BACKGROUND

Prior to the enactment of the Veterans'

Judicial Review Act (VJRA),[1] an attorney or agent was proscribed, under threat of fine and imprisonment, from charging a claimant of veteran's benefits more than $10 for representation before the Department of Veterans' Affairs or the Board of Veterans' Appeals. *See Smith,* 4 Vet.App. at 490. With the passage of the VJRA, Congress repealed the $10 fee limitation and permitted claimants to enter into fee agreements with attorneys and agents representing them, provided the agreement met specific requirements. *See* 38 U.S.C. § 5904. Under limited circumstances, set forth in § 5904(d), an attorney is now entitled to payment "by the Secretary directly from any past-due benefits awarded on the basis of the claim." *Id.* § 5904(d)(2)(A).

An attorney or agent who represents a claimant before the Department or the Board after the Board makes a final decision in the case is required to file a copy of any fee agreement with the Board. *Id.* § 5904(c)(2). The Board, "upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable." *Id.* § 5904(c)(2). A finding or order pursuant to such review may be reviewed by the Court of Veterans Appeals, which "may affirm the finding or order of the Board and may order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable." *See id.* §§ 5904(c)(2), 7263(d).

Furthermore, a representative of an appellant before the Court of Veterans Appeals shall file a copy of any fee agreement with the court when an appeal is filed. 38 U.S.C. § 7263(c). The court, "on its own motion or the motion of any party, may review such a fee agreement" and "may order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreason-

able." *Id.* § 7263(c), (d). An order of the court resulting from a review of a Board finding or order with respect to a fee agreement or from a review of a fee agreement filed in connection with an appeal to the court is "final and may not be reviewed in any other court." *Id.* § 7263(d).

Reichbaum, a veteran, was denied his claim for an increase in his disability rating at the Board. Wick, an attorney, entered into a fee agreement with Reichbaum, pursuant to which Wick agreed to represent Reichbaum in an appeal to the Court of Veterans Appeals. The agreement provided that Reichbaum would pay Wick a "fixed fee" of $800.00 and, if the case were to be resolved in favor of Reichbaum, a "contingent fee" of 20 percent of any past-due benefits awarded to Reichbaum, less the fixed fee. The agreement further provided that the "Contingent Fee is to be paid by the [Department] directly to the Attorney from any past-due benefits awarded on the basis of [Reichbaum's] claim," but that Reichbaum "remains liable ... unless and until the fee is paid to the Attorney by the [Department]."

On August 16, 1991, Wick filed a Notice of Appeal at the Court of Veterans Appeals along with a copy of the fee agreement. By Order dated March 27, 1992, the court vacated and remanded the case, *Reichbaum v. Derwinski,* 2 Vet.App. 340, and, on remand, the Board awarded Reichbaum an increase in disability rating from 70 to 100 percent, thereby entitling Reichbaum to $37,433.00 in past-due benefits.

Wick then filed a copy of the fee agreement with the Department and requested payment by the Secretary of 20 percent of the past-due benefits awarded to Reichbaum, less the $800.00 fixed fee, amounting to $6,686.60. The Secretary denied Wick's request because he had already disbursed all of the past-due benefits directly to Reichbaum.[2]

---

1. Pub.L. No. 100–687, 102 Stat. 4105 (1988).

2. In a letter dated October 27, 1992 from the Adjudication Officer, Wick was advised:
   We regret that we failed to withhold any attorney fees from the $37,433 retroactive benefits Mr. Reichbaum was entitled to receive for the period April 1, 1989, to August 31, 1992. In error, we issued him the full payment for this

period. We should have withheld the attorney fees from the retroactive benefits and issued the payments withheld directly to you. Since we failed to withhold the attorney fees, Mr. Reichbaum is responsible for paying your fees for services rendered. We regret any inconvenience caused by our error.

Wick then filed a "Motion to Compel Payment of Attorney's Fees" with the Court of Veterans Appeals seeking an order directing the Secretary to pay Wick the fee specified in the agreement.

The court, treating Wick's "Motion to Compel Payment of Attorney's Fees" as a "petition for a writ of mandamus," held that the fee agreement satisfied the statutory requirements of 38 U.S.C. § 5904(d) and that Wick was entitled to be paid his agreed-upon fee by the Secretary. The court accordingly directed the Secretary to pay Wick $6,686.60. The Secretary now appeals.

## DISCUSSION

The Secretary argues that he is not permitted to pay Wick his fee because the agreement in question does not comply with 38 U.S.C. § 5904. Alternatively, the Secretary asserts that § 5904 does not mandate payment of Wick's fee because Reichbaum's past-due benefits have been disbursed. Wick, while disagreeing with these assertions, also asserts that 38 U.S.C. § 7263(d) deprives us of subject matter jurisdiction over the Secretary's appeal.

■ Before considering these questions, we first must consider an even more fundamental question: whether Wick's motion was properly before the Court of Veterans Appeals. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) ("[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review'.") (quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)); *see also Mayer v. Brown,* 37 F.3d 618, 619 (Fed.Cir.1994) (Federal Circuit reviews Court of Veterans Appeals with respect to its interpretation of jurisdictional statute); 38 U.S.C. § 7292(d)(1) (in reviewing a decision of the Court of Veterans Appeals, the Federal Circuit decides all relevant questions of law). If the Court of Veterans Appeals lacked jurisdiction over the matter,

then "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the [court] in entertaining the suit." *See Bender,* 475 U.S. at 541, 106 S.Ct. at 1331 (quoting *United States v. Corrick,* 298 U.S. 435, 440, 56 S.Ct. 829, 832, 80 L.Ed. 1263 (1936)).

■ Whether the Court of Veterans Appeals properly had jurisdiction over Wick's motion is a matter of statutory interpretation, which this court undertakes *de novo. Weddel v. Secretary of the Dep't of Health & Human Servs.,* 23 F.3d 388, 391 (Fed.Cir. 1994). For the following reasons, we conclude that the court lacked jurisdiction. Thus, we do not reach the merits of Wick's appeal to the Court of Veterans Appeals or the Secretary's appeal to this court.

The jurisdiction of the Court of Veterans Appeals is specifically defined by statute at 38 U.S.C. § 7252, in a provision entitled "Jurisdiction; finality of decisions." That provision states: "The Court of Veterans Appeals shall have exclusive jurisdiction to review *decisions of the Board of Veterans' Appeals* .... The Court *shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter,* as appropriate." 38 U.S.C. § 7252 (emphasis supplied). In determining the jurisdiction conferred by § 7252, we are mindful that "[j]urisdictional statutes are to be construed 'with precision and with fidelity to the terms by which Congress has expressed its wishes'." *Palmore v. United States,* 411 U.S. 389, 396, 93 S.Ct. 1670, 1675, 36 L.Ed.2d 342 (1973) (quoting *Cheng Fan Kwok v. INS,* 392 U.S. 206, 212, 88 S.Ct. 1970, 1974, 20 L.Ed.2d 1037 (1968)). Since it is clear that the action of the Secretary in denying payment to Wick was not a decision of the Board, it would seem equally clear that the court lacks jurisdiction over Wick's petition from that denial.

The Court of Veterans Appeals premised its jurisdiction on 38 U.S.C. §§ 5904(d) and 7263(c), stating: "The VJRA specifically vested this Court with the jurisdiction and

---

The Adjudication Officer also advised Reichbaum that he was responsible for paying Wick. However, by the time Wick filed the motion presently at issue, Reichbaum had spent the $37,433.00 on

payment of accumulated bills and home improvements. *See In re Smith,* 4 Vet.App. 487, 501 (1993).

the authority to review fee agreements filed with the Court and to review [Board] findings and orders issued in connection with its review of fee agreements." 4 Vet.App. at 492. Section 5904(d) sets forth the requirements for fee agreements between claimants and their representatives before the Department or Board whereby the amount of the fee is to be paid by the Secretary directly from past-due benefits. Section 7263(c) provides that the Court of Veterans Appeals may review a properly filed fee agreement between an appellant and his or her representative before the court. The Court of Veterans Appeals further cited 38 U.S.C. § 7261(a), which provides, "[i]n any action brought[,] ... the Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall ... compel action of the Secretary unlawfully withheld...." The court concluded that since it had jurisdiction to review Wick's fee agreement by virtue of 38 U.S.C. §§ 5904(d) and 7263(c), it had the authority and responsibility to compel enforcement of the fee agreement pursuant to 38 U.S.C. § 7261(a) by directing the Secretary to pay the amount specified in the agreement.

■ Sections 5904 and 7263 are not, however, jurisdictional provisions. Section 5904 merely sets forth the requirements of a fee agreement permitting payment directly by the Secretary. Section 7263 authorizes the court to "review" fee agreements between an appellant and a person representing the appellant before the court when an appeal is properly before the court and when a copy of the fee agreement has been filed with the court at the time the appeal is filed. 38 U.S.C. § 7263(c). Thus, fee agreements are properly before the court only when it reviews decisions of the Board concerning an agreement or on any other matter decided by the Board. When Wick's motion was filed, however, the court did not have before it a decision of the Board for review. Wick thus impermissibly bypassed the Board by directly petitioning the court.

Furthermore, the court's review of fee agreements under § 7263 is strictly limited by the language of the statute. Pursuant to § 7263(d), the court is authorized only to

"order a reduction in the fee called for if it finds that the fee is excessive or unreasonable." *Id.* § 7263(d). Here, no challenge was made to the reasonableness of the fee agreement, and the court made no reasonableness determination. Wick's motion was not one to review a fee agreement pursuant to § 7263; rather, it was a motion to compel action of the Secretary so that the fee agreement, as written, might be given effect. The precise and limited statement of the court's scope of review of fee agreements coupled with the absence of a specific reference in the statute to the enforcement of fee agreements make it clear that Congress did not intend that § 7263 review of fee agreements include the action requested by Wick. Thus, § 7263 has little relevance to Wick's motion, and the court erroneously invoked that provision as a basis for its jurisdiction.

The court also relied on § 7261(a), which provides:

**Scope of Review**

(a) In any action brought under [Chapter 72, entitled "Court of Veterans Appeals"], the Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall—

\* \* \* \* \* \*

(2) compel action of the Secretary unlawfully withheld or unreasonably delayed....

38 U.S.C. § 7261(a). Pursuant to § 7261, the court is authorized to compel action of the Secretary "unlawfully withheld or unreasonably delayed." Like § 7263, however, § 7261 does not provide an independent basis for jurisdiction over motions such as Wick's. *See Mayer*, at 620 ("[W]hile section 7261 may allow the [Court of Veterans Appeals] to review actions of the Chairman [of the Board] in cases where it already has jurisdiction by virtue of a timely appeal from a final Board decision, it does not independently grant jurisdiction over such actions."). The court may compel action of the Secretary only if the Secretary's action is "necessary to [the court's] decision" in a matter over which it has subject matter jurisdiction, *viz.*, an appeal from a "decision of the Board." The court here had no decision to make concern-

ing which its compulsion of the Secretary was necessary. We recognize that the court at one time properly had jurisdiction over Reichbaum's claim for veteran's benefits. However, the court's judicial power over the case terminated after the court remanded it to the Board; the case has now been fully adjudicated and it cannot be affected by the present motion.

The Court of Veterans Appeals further grounded its decision on *Bowen v. Galbreath*, 485 U.S. 74, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988) and *Celebrezze v. Sparks*, 342 F.2d 286 (5th Cir.1965). *Galbreath* resolved the question whether, under Title XVI of the Social Security Act, a district court has the authority to order the Secretary of Health and Human Services to withhold a portion of past-due supplemental security income benefits for the payment of attorney's fees. The Supreme Court held that the district court could not issue such an order because it was not statutorily authorized to do so and because Congress evidenced its intent not to allow such a withholding. 485 U.S. at 76–78, 108 S.Ct. at 893–95. In *Sparks*, the Fifth Circuit held that a statute giving a district court the power to enter "a judgment affirming, modifying, or reversing the decision of the Secretary [of Health and Human Services]" implicitly authorized the district court to order the payment of attorney fees out of past due social security benefits. The Fifth Circuit reasoned that when a statute gives a court jurisdiction over litigation arising under an act of Congress, it must be presumed, absent any indication to the contrary, that the court was intended to exercise all the powers of a court, including the power to provide for payment of attorney fees out of any recovery. 342 F.2d at 288–89.

Neither precedent helps Wick. Both *Galbreath* and *Sparks* relate to a district court's authority to determine and award, *as part of its judgment in a benefits action*, a reasonable attorney fee for representation, and to order that the fee be paid by the Secretary from past-due benefits. In both cases, the court had proper statutory jurisdiction over the action and awarded fees as part of its judgment, which is not the case here. Thus,

these cases are inapposite and do not support jurisdiction in this case.

■ Wick further urges that, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, "if the Court ... had jurisdiction to review or otherwise consider the Fee Agreement in question, th[e] Court also had authority to 'declare the rights and other legal relations' of the parties and to enter 'a final judgment or decree[, and to grant] further, necessary or proper relief'." Brief of Appellee at 16–17. However, the Declaratory Judgment Act grants such power to "courts of the United States," 28 U.S.C. § 2201, courts whose judges "are entitled to hold office during good behavior," 28 U.S.C. § 451. Judges of the Court of Veterans Appeals do not enjoy life tenure, but are appointed by the President to serve a term of fifteen years. 38 U.S.C. § 7253. Thus, the court is not a "court of the United States" within the meaning of the Declaratory Judgment Act and cannot derive any powers therefrom. *See Nagler v. Derwinski*, 1 Vet. App. 297, 306 (1991) (Court of Veterans Appeals lacks authority to issue declarative relief under the Declaratory Judgment Act); *accord Essex Electro Eng'rs, Inc. v. United States*, 757 F.2d 247, 251 (Fed.Cir.1985) ("court of the United States" does not include the Claims Court); *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); (Declaratory Judgment Act does not grant power to Claims Court); *Overall Roofing & Constr. Inc. v. United States*, 929 F.2d 687, 688 (Fed.Cir.1991) (same).

■ Finally, Wick claims that the court had authority under the All Writs Act, 28 U.S.C. § 1651, to protect its jurisdiction by issuing any necessary or appropriate orders, including an order compelling the Secretary to pay the amount in the fee agreement. Section 1651 provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." [3] A party seeking such a writ has the burden of showing, *inter alia*, that its right to the issuance of the writ is "clear and indisputable," *Kerr v. United States Dist.*

---

**3.** The government argues that the All Writs Act does not apply to the Court of Veterans Appeals. .

*Cf. Noyd v. Bond*, 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 1883–84 n. 7, 23 L.Ed.2d 631 (1969) (All

Court for the N. Dist. of California, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976), and that the action sought by mandamus is within the court's statutorily defined subject matter jurisdiction, Baker Perkins, Inc. v. Werner & Pfleiderer Corp., 710 F.2d 1561, 1564 (Fed.Cir.1983). The All Writs Act does not augment the jurisdiction of a court, and Wick has not established that, without the extraordinary writ, the court will be prevented or frustrated from exercising its statutorily granted jurisdiction over a Board decision.

Wick complains that denial of his motion would make the Court of Veterans Appeals' authority to review fee agreements "entirely illusory." Brief of Appellee at 18. However, we cannot infer jurisdiction when it has not been conferred. If Congress had intended the court's jurisdiction to be broader than that conferred by § 7252, Congress would have expressed that intention legislatively.

In summary, the Court of Veterans Appeals has not been vested with original jurisdiction over Wick's motion to compel payment by the Secretary. A Board decision is a statutory prerequisite for the court's jurisdiction. Denial of payment by the Secretary of money owed pursuant to a fee agreement between Wick and his client is not a decision of the Board and Wick's "motion to compel" cannot be considered an appeal from a decision of the Board.

### CONCLUSION

Because the Court of Veterans Appeals lacked jurisdiction to hear Wick's motion, the court was without authority to act on it. Accordingly, the decision of the Court of Veterans Appeals is vacated and the case is remanded for entry of an order of dismissal for lack of jurisdiction.

### COSTS

Each party to bear its own costs.

*VACATED and REMANDED.*

---

Writs Act applies to Court of Military Appeals). We need not decide this question here since, in any event, Wick has not established that such extraordinary relief is justified.