PER CURIAM.
The United States Court of Appeals for Veterans Claims (Veterans Court) entered judgment against petitioner Benny Hathorne, Sr. (Mr. Hathorne) and in favor of *680 the Department of Veterans Affairs (VA), Hathorne v. Principi, No. 03-1215 (Vet. App. August 14, 2003), dismissing Mr. Hathorne’s petition for a writ of mandamus. Because Mr. Hathorne has not offered any evidence that would establish his entitlement to a writ of mandamus, this court affirms.
I.
Mr. Hathorne indicated in a letter to the VA on January 30, 2001, that he wanted to express his opinion about the Veterans Claims Assistance Act of 2002, Pub.L. 106-475, 114 Stat.2096 (VCAA). Mr. Hathorne explained that he wanted to “prevent any attempt by [t]he VA [sjystem [f]rom watering this A[ct] down” and that he believed the VCAA could have a profound effect on the way veterans’ claims are processed by the VA. Mr. Hathorne also referred to his First Amendment right to express his opinion on the matter and expressed his disagreement with the prior interpretations of laws affecting veterans made by the Secretary of Veterans Affairs and the Veterans Court.
A June 21, 2001 letter from a VA regional office indicated that if Mr. Hathorne intended to reopen his claim based upon the VCAA, he needed to complete and submit VA Form 21-4138 and specify any disabilities and treatment sources.
Mr. Hathorne then complained, in a July 22, 2002 letter, that the VA did not take any action regarding his January 2001 letter. Mr. Hathorne also referenced other letters that he and congressional representatives sent to the VA. Mr. Hathorne explained that the VA had “steadfastly denied” his right to have input on the VCAA and other legislation. He referred to the Administrative Procedure Act (APA): “[B]efore [a] Federal Agency promulgates [a] general regulation!!,] interested parties must be afforded an opportunity to present their views.”
The Veterans Court construed a June 12, 2003 letter from Mr. Hathorne as a petition for extraordinary relief in the nature of a writ of mandamus. In the petition, Mr. Hathorne asserted that he had a right under the APA to present to the VA his views on the VCAA. He complained that the VA did not respond to his January 2001 and July 2002 letters. In addition, Mr. Hathorne requested that the Veterans Court appoint an “independent party” to clarify whether he had a right to express his opinion on the VCAA.
Subsequently, in an Order dated August 14, 2003, the Veterans Court dismissed Mr. Hathorne’s mandamus petition. The Veterans Court noted that it has authority to issue writs in aid of its jurisdiction under the All Writs Act (AWA), 28 U.S.C. § 1651(a). See Cox v. West, 149 F.3d 1360 (Fed.Cir.1998). The Veterans Court explained that its “jurisdiction to issue a writ of mandamus pursuant to the AWA relies upon not actual jurisdiction but potential jurisdiction.” In re Fee Agreement of Cox, 10 Vet.App. 361, 370 (1997), vacated on other grounds, 149 F.3d 1360 (Fed.Cir. 1998); see also In re Fee Agreement of Wick, 40 F.3d 367, 373 (Fed.Cir.1994). The Veterans Court concluded that granting the requested relief would not lead to a Board of Veterans’ Appeals (BVA) decision over which it would have jurisdiction under 38 U.S.C. § 7252(a) and that the assertions in Mr. Hathorne’s petition did not fall within the scope of the Veterans Court’s AWA authority. Finally, on October 15, 2003, the Veterans Court entered judgment. Mr. Hathorne then appealed.
II.
This court’s jurisdiction to review decisions of the Veterans Court is limited to “any challenge to the validity of any statute or regulation or any interpretation ... thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” 38 *681 U.S.C. § 7292(c) (1994). “Except to the extent that an appeal under this chapter presents a constitutional issue, the Court Appeals may not review (A) a challenge to a factual determination, or (B) a challenge a law or regulation as applied to the facts of a particular case.” Id. § 7292(d)(2) court has regularly reviewed Veterans Court rulings on petitions. See Lamb v. Principi, 284 F.3d 1378, 1382 (Fed.Cir. 2002); see also In re Wick, 40 F.3d 367 (Fed.Cir.1994); Cox v. West, 149 F.3d 1360 (Fed.Cir.1998).
“Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies.... As extraordinary remedies, they are reserved for really extraordinary causes.” Ex parte Fahey, 332 U.S. 258, 259-60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947), quoted with approval in Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384-85, 74 S.Ct. 145, 98 L.Ed. 106 (1953); see also Kerr v. United States Dist. Ct., 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (“The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.”); In re Newman, 763 F.2d 407, 409-10 (Fed.Cir.1985) (“Writs of mandamus are to be used only in extraordinary circumstances and when no meaningful alternatives are available.”).
To obtain mandamus, the petitioner must show (1) that he has a “clear and indisputable right” to the writ and (2) that he has no alternative way to obtain the relief sought. Kerr, 426 U.S. at 403, 96 S.Ct. 2119; see also Timken Co. v. United States, 893 F.2d 337, 339 (Fed.Cir.1990). Mr. Hathorne has shown neither, nor has he shown anything extraordinary about the present case.
Mr. Hathorne contends that he has a right as a veteran to have some type of input regarding the VCAA. Mr. Hathorne’s central complaint appears to be that VA ignored his requests to express his opinions. Mr. Hathorne states, “in my opinion [VA] should have enclosed a form that would have allowed me to take my views know[n] in regards to the [the VCAA].” Mr. Hathorne also asserts that VA violated his First Amendment rights and the 1964 Civil Rights Act. In addition, Mr. Hathorne relies on the APA as the source of his right to express his opinion about the VCAA.
Mr. Hathorne does not explain the relationship between these provisions and his mandamus petition or any violations of rights. The only tangible claim Mr. Hathorne makes is that the VA did not send him a form on which he could express his opinions about the legislation. Mr. Hathorne did not show the VA did anything to prevent him from expressing his opinion on any matter. Finally, this court finds all other arguments raised by petitioner unpersuasive and, consequently, affirms the Veterans Court decision to dismiss Mr. Hathorne’s petition for a writ of mandamus.