# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1741

ANTHONY J. O'BRANOVIC, PETITIONER,

v.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before IVERS, *Chief Judge*, and GREENE and SCHOELEN, *Judges*.

# O R D E R

On June 23, 2004, the Board of Veterans' Appeals (Board) issued an order remanding the petitioner's claim of clear and unmistakable error (CUE) to a VA regional office (RO) for additional development. On September 22, 2004, the petitioner, through counsel, filed a petition for extraordinary relief in the nature of a writ of mandamus. The petitioner is seeking restoration of his 100% rating for disability compensation, which had been reduced to 70%. He asserts that the Board erred by remanding the claim rather than ordering the RO to issue proper notice under 38 C.F.R. § 3.105(e), so that he could submit additional evidence as to why his rating should not be reduced. In response, the Secretary moved to dismiss the petition. On January 12, 2005, in a single-judge order, the Court denied the petition for extraordinary relief in the nature of a writ of mandamus. The Court found that the petitioner had not shown a clear and indisputable right to the writ, nor had he exhausted his administrative remedies.

On January 25, 2005, the petitioner filed a motion for reconsideration, or, in the alternative, for a panel decision. In his motion, the petitioner states that his "entitlement to relief lies exclusively under this Court's authority pursuant to 38 U.S.C. § 7261(a)(2)." Petitioner's Motion (Mot.) for Reconsideration or in the Alternative Panel Review, at 2 n.1. He contends that "[w]here the Secretary *unlawfully withholds and/or unreasonably delays* a benefit, the claimant has an independent, statutory right to this Court's assistance under [section] 7261(a)(2)." *Id.* at 9. On February 15, 2005, the petitioner supplemented the record by notifying the Court that on October 22, 2004, the RO had issued a Supplemental Statement of the Case finding CUE with respect to the effective date of the reduction and changing the effective date from May 1, 1970, to June 1, 1970. *See* Petitioner's Supplemental Submission, at Exhibit (Ex.) A. The petitioner also notified the Court that on February 11, 2005, he filed a Notice of Disagreement with this new rating decision. *Id.* at 3, Ex. C. For the reasons set forth below, the Court will grant the motion for a panel decision, revoke the Court's January 12, 2005, order, and issue this order in its place.

Regardless of the petitioner's assertions to the contrary, he argues two independent bases upon which he may obtain relief. First, in his petition, he sought relief under the All Writs Act,

28 U.S.C. § 1651. Alternatively, in his motion for reconsideration, the petitioner seeks relief under this Court's power pursuant to 38 U.S.C. § 7261(a)(2) to "compel action of the Secretary unlawfully withheld or unreasonably delayed."

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Before the Court may issue a writ pursuant to the All Writs Act, a petitioner must demonstrate (1) a clear and indisputable right to the writ and (2) a lack of an adequate alternative means to obtain the relief sought. *See Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990). The Secretary argues that the petitioner has two alternative means of seeking relief from the Board order. He could file a request for reconsideration with the Board under 38 U.S.C. § 7103, or he could appeal a subsequent RO decision. Moreover, the petitioner now concedes "that his petition for relief does not lie under [the All Writs Act] for the reasons set out in the [C]ourt's order of January 12, 2005." Mot. at 2 n.1. Nothing in the petitioner's motion for reconsideration alters the Court's conclusion that he has neither shown a clear and indisputable right to the writ, nor exhausted his administrative remedies. In fact, the petitioner's supplemental information shows that his claim is moving through the VA claims appellate process. Hence, the Court will not grant extraordinary relief under the All Writs Act. *See Erspamer*, *supra*.

In his motion for reconsideration, the petitioner advances an alternative theory for entitlement to the writ. Specifically, he asserts that he may obtain relief solely under this Court's power to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2). However, both this Court and the United States Court of Appeals for the Federal Circuit have held that the authority granted to this Court in 38 U.S.C. § 7261(a)(2) is a grant of power to the Court, and not a grant of jurisdiction. *See In re Fee Agreement of Wick*, 40 F.3d 367, 371 (Fed. Cir. 1994) (stating that 38 U.S.C. § 7261 "does not provide an independent basis for jurisdiction"); *see also In re Fee Agreement of Cox*, 10 Vet.App. 361, 369 (1997) (identifying section 7261(a)(2) as "a specific grant of power[ ]that supplies the Court with the authority to 'compel action of the Secretary unlawfully withheld or unreasonably delayed' when the Court otherwise possesses jurisdiction"), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998). The grant of power does not equate to a grant of jurisdiction. *See In re Fee Agreement of Cox*, 10 Vet.App. at 369. Section 7261 confers no independent jurisdiction and "merely sets out the scope of the review to be conducted by the [Court]." *Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994), *overruled in part on other grounds by Bailey v. West*, 160 F.3d 1360, 1368 (Fed. Cir. 1998) (en banc). Thus, section 7261 requires an independent source of jurisdiction for its deployment, such as a final Board decision. *See* 38 U.S.C. §§ 7252(a) and 7266(a). Therefore, the Court cannot consider a petition solely on the basis of the Court's power under 38 U.S.C. § 7261(a)(2) to "compel action of the Secretary unlawfully withheld or unreasonably delayed." Because no independent source of jurisdiction is present in this case, the Court is without authority to grant the relief the petitioner seeks.

Upon consideration of the foregoing, it is by the single judge

ORDERED that the motion for reconsideration is denied. It is, by the panel,

ORDERED that the motion for a panel decision is granted. It is further

ORDERED that the Court's January 12, 2005, order is revoked, and this order is issued in its place. It is further

ORDERED that the petition for extraordinary relief in the nature of a writ of mandamus is DENIED IN PART and DISMISSED IN PART.

DATED:  April 12, 2005  PER CURIAM.