NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**GAYLEN W. BROWN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINESKI,
SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7071

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-3745, Judge Lawrence B. Hagel.

---

Decided: July 13, 2011

---

GAYLEN W. BROWN, of West Jordan, Utah, pro se.

ALEXANDER V. SVERDLOV, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, KIRK T. MANHARDT, Assistant Director. Of counsel on the

brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and JONATHAN E. TAYLOR, Attorney.

————————————

Before PROST, MAYER, and O'MALLEY, *Circuit Judges*,

PER CURIAM.

Gaylen W. Brown ("Brown") appeals the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the judgment of the Board of Veterans Appeals (the "Board"). Brown objects to the Board's refusal to grant an earlier effective date for his service-connected knee injuries and its decision to refer certain of his claims to the Department of Veterans' Affairs Regional Office (the "RO") in Salt Lake City, Utah, including a claim that there was clear and unmistakable error ("CUE") in a June 22, 1954 RO decision severing an earlier award of benefits. For the reasons discussed below, we *affirm*.

## BACKGROUND

Brown served on active duty in the U.S. Army from November 1951 to October 1953; he is a veteran of the Korean War.

Following his discharge from the Army, Brown sought VA benefits for both left and right knee disabilities. In March of 1954, the RO granted service connection for Brown's bilateral weak knees. The RO assigned a non-compensable disability rating. In April 1954, however, the RO severed, after proper notice and opportunity to respond, the service connection based on CUE. Because Brown failed to file a timely appeal, this decision became final.

In August 2001, Brown sought to reopen his claim for benefits on the basis of his knee disabilities. In addition,

Brown advised the RO that he had been diagnosed with narcolepsy with cataplexy. In a November 2001 decision, the RO denied his claim for knee disabilities because new and material evidence was not submitted. While the record is not clear on this point, it appears that the RO did not decide the merits of Brown's claim for service connection for his narcolepsy with cataplexy. Brown did not file a timely appeal of this decision, so it became final.

Subsequently, in January of 2004, Brown attempted to reopen his claims for knee disabilities a second time, and claimed he continued to suffer from narcolepsy. Following an informal hearing and review of additional evidence, on August 2, 2004, service connection was denied for both his knees and narcolepsy. This time, however, Brown filed a timely appeal of the August 2, 2004 decision, requesting that the Decision Review Officer ("DRO") conduct the appeal. [1] An informal hearing was held with the DRO on October 17, 2006.

As a result of this hearing, a new VA examination and opinion was requested. This examination was conducted on December 7, 2006. During the examination, Brown "gave a history of [his] prior knee injuries while skiing prior to service." A21. The examiner noted, however, that Brown's "enlistment examination was normal with no complaints of knee problems," and found that Brown's "service medical records show complaints of knee pain on a number of occasions while on active duty." *Id.* Brown informed the examiner that he fell and injured his knees during basic training. The examiner found, in addition, that "[i]n March 1952 [Brown] had an episode of disloca-

---

[1] A veteran who files a timely notice of appeal may, at the veteran's election, request that the RO decision be reviewed by a DRO. 38 C.F.R. § 3.2600 (2010). This is a *de novo* review. The DRO's decision can be appealed to the Board. *Id.*

tion of the patella on the left with spontaneous reduction," and "[i]n December 1952 on 2 separate occasions [Brown was] seen with persistent pain in both knees." *Id.* Based on this evidence, Brown's medical records after discharge, and an inspection of Brown's knee performed by the examiner, the examiner opined that "there is evidence of aggravation of both knees during service and . . . your bilateral knee disorder and subsequent total knee replacement are related to your military service." A22.

Accordingly, the DRO granted service connection for Brown's "left and right total knee replacements with 30% evaluation assigned to each knee . . . ." *Id.* With respect to the effective date of service connection, the DRO assigned January 5, 2004; the date Brown's request to reopen his claim was received by the VA. The DRO also granted Brown service connection for his narcolepsy with cataplexy, assigning a 20% evaluation with an effective date of January 5, 2004.

Following this decision, Brown appealed the effective date the DRO assigned to his service-connected disabilities. In March of 2008, the Board conducted a hearing on Brown's appeal. During the hearing "[Brown] and his representative also stated that they believed there was clear and unmistakable error (CUE) in a June 22, 1954, decision by the RO wherein service connection for bilateral weak knees was severed." A8. With respect to this and several other statements that could be interpreted as informal claims of service connection,[2] the Board referred the claims to the RO because "these several issues have not been developed for appellate review . . . ." A8.

Regarding Brown's claim for earlier effective dates for his total knee disabilities, the Board held that Brown was

---

[2]    None of these additional claims are relevant to this appeal.

not entitled to a date earlier than that assigned by the DRO, January 5, 2004. Reaching this conclusion, the Board noted that Brown was attempting to reopen a final decision. In that circumstance, the Board recognized that, under relevant precedent, "the effective date cannot be earlier than the date [that] the claim to reopen" was received by the VA. A13. On January 5, 2004, the VA received Brown's petition to reopen his claim for his knee disabilities. Accordingly, the Board concluded that this date was the correct effective date for his service-connected disabilities. With respect to Brown's narcolepsy with cataplexy, the Board determined that the effective date should be August 23, 2001, because "[a] sympathetic reading of the August 23, 2001, statement results in the conclusion that [Brown] was filing an informal claim of service connection for narcolepsy with cataplexy. Thus, the date of receipt of claim was not January 5, 2004, but was in fact, August 23, 2001. A15-16.

After reaching these conclusions, the Board, endeavoring to explain its decision to refer Brown's claim that CUE occurred in the RO's 1954 decision to sever Brown's knee-related benefits, stated:

> [Brown's] primary contention appears to be that his first claim involving the knees was not decided correctly when the RO severed service connection for bilateral weak knees in June 1954. Disputing the result of that decision is more appropriately handled by filing a claim for review of the decision based on an assertion of [CUE]. The Board referred such a claim to the [RO] in the introduction section.

A14.

Brown appealed the Board's decision to the Veterans

Court. On appeal, Brown argued that the 1954 severance of his benefits for bilateral knee disabilities was erroneous because of CUE.[3] Noting that it only had jurisdiction to review claims that are the subject of a Board decision, the Veterans Court held it lacked jurisdiction to entertain Brown's CUE arguments because the Board had not rendered a decision with respect to that claim.

Brown's appeal was timely, and we have jurisdiction pursuant to 38 U.S.C. § 7292 to determine whether the Veterans Court correctly interpreted its jurisdictional statute.

DISCUSSION

I.

Our review of Veterans Court decisions is very limited. *See Yates v. West*, 213 F.3d 1372, 1373–74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of any statute or regulation, any interpretations thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292 (2006). We do not have jurisdiction to hear appeals challenging factual determinations or to the law as applied to the facts of a particular case, unless there is a constitutional issue present. *See* § 7292(d)(2). Whether the Veterans Court has jurisdiction is a matter of statutory interpretation that this court reviews *de novo. E.g., Maggitt v. West*, 202 F.3d 1370, 1372 (Fed. Cir. 2000) ("We review legal issues, including whether the Veterans Court properly declined to assert

---

[3] Brown's appeal to the Veterans Court could be read to also include a claim that the effective date for his narcolepsy with cataplexy should also refer back to 1954. On appeal before this court, however, Brown has abandoned this argument.

jurisdiction . . . without deference."); *Wick v. Brown*, 40 F.3d 367, 370 (Fed. Cir. 1994). The Veterans Court's jurisdiction is to be construed, moreover, "narrowly and 'with precision and with fidelity to the terms by which Congress has expressed its wishes.' " *Bailey v. West*, 160 F.3d 1360, 1363 (Fed. Cir. 1998) (quoting *Cheng Fan Kwok v. INS*, 392 U.S. 206, 212 (1968)).

## II.

On appeal, Brown seeks to have this court grant him an earlier effective date for his service-connected knee disabilities. This court does not, however, have jurisdiction to review the Veterans Court's factual determinations with respect to the effective dates for Brown's claims, nor do we have jurisdiction to review the Veterans Court's application of the law to those factual determinations. While we do have jurisdiction to review the Veterans Court's determination that it lacked jurisdiction over Brown's CUE claim, for the reasons discussed below, we find that the Veterans Court properly determined that it lacked jurisdiction over Brown's CUE claim. Accordingly, we affirm and dismiss this appeal.

We have made clear that the Veterans Court only has jurisdiction to review decisions of the Board. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002) (citing 38 U.S.C. § 7252(a)). Each specific assertion of CUE, moreover, constitutes a claim that must be the subject of a decision by the Board before the Veterans Court has jurisdiction over the claim. *Id.* at 1360. In *Andre*, the veteran raised a new CUE argument for the first time in his appeal before the Veterans Court. *Id.* at 1360. The Veterans Court concluded that it lacked jurisdiction to hear this claim because it was not the subject of a decision by the Board. *Id.* We held that the Veterans Court correctly determined that it lacked jurisdiction over the

veteran's CUE claim because the claim was not raised before the Board. *Id.* at 1361–62. In passing, we noted that our decision did not preclude the veteran from filing his novel CUE claim with the RO for adjudication. *Id.* at 1362.

Unlike in *Andre*, here, Brown first raised his CUE claim in proceedings before the Board. This difference does not change the outcome of this case, however. There is no Board decision regarding Brown's CUE claim because the Board chose to return that claim to the RO for a determination, rather than decide it in the first instance. The Veterans Court was correct, therefore, to determine that it lacked jurisdiction to hear Brown's appeal.

At this point in time Brown's CUE claim has been referred to the RO for consideration. Upon review of the relevant facts, the RO will determine whether CUE exists in the 1954 decision. If the RO concludes that there is no CUE, Brown can then appeal that decision to the Board. When the Board renders a judgment on that claim, then, and only then, would an appeal to the Veterans Court be viable.

Because the Veterans Court correctly determined that it lacks jurisdiction to hear Brown's appeal, we affirm and dismiss this appeal.

**AFFIRMED**