NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD MURTON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7058

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2880, Judge Lawrence B. Hagel.

---

Decided: December 19, 2011

---

DAVID J. LOWENSTEIN, Goodman, Allen & Filetti, of Richmond, Virginia, argued for claimant-appellant. Of counsel was SANDRA W. WISCHOW.

SCOTT D. AUSTIN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, Classification Unit, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E.

DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and Y. KEN LEE, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before LINN, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

This is an appeal from the United States Court of Appeals for Veterans Claims ("Veterans Court"), which addressed (1) a decision of the Board of Veterans' Appeals ("Board") regarding Richard Murton's ("Murton") 2002 claim for an increased rating of his service-connected alopecia areata and (2) an argument Murton raised for the first time at the Veterans Court regarding the finality of a separate claim for psychiatric disability, which he believed had been pending since the late 1960's. The Veterans Court vacated the Board's decision regarding Murton's claim for an increased rating and remanded for reconsideration in view of amended criteria for alopecia, the possibility of entitlement to an extra-schedular rating, and additional favorable evidence. The Veterans Court also addressed Murton's psychiatric disability claim, holding that the Board had finally decided this claim in 1968.

Murton appeals only that part of the Veterans Court's decision which addressed his claim for psychiatric disability. Murton also filed what he characterized as a "motion to dismiss" seeking, in effect, to overturn the Veterans Court's denial of his motion to bifurcate his alopecia claim so that the remand thereof could become effective without awaiting a determination on his claim for psychiatric disability.

Because Murton's appeal to the Veterans Court was taken from a Board decision regarding only his increased-

rating claim from 2002, and not regarding a prior claim for psychiatric disability, the latter was not before the Veterans Court and the Veterans Court did not have jurisdiction to address it. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) (explaining that a claim could not be adjudicated by the Veterans Court in the first instance when it was not the subject of a decision by the Board). Because the Veterans Court did not have jurisdiction over Murton's psychiatric disability claim, it should not have addressed that claim, and that portion of its opinion cannot be sustained.

While this appeal presents nothing to this court on the merits of any claim that we are authorized to review, this court does possess jurisdiction to address the Veterans Court's lack of jurisdiction. *See Wick v. Brown*, 40 F.3d 367, 370 (Fed. Cir. 1994) (explaining that where the Veterans Court lacks jurisdiction over a matter, this court has jurisdiction on appeal only for the purpose of correcting the error of jurisdiction). Accordingly, this court exercises only that jurisdiction required to correct the Veteran's Court's error of its jurisdiction and hereby vacates the portion of the Veterans Court's opinion which addresses Murton's claim for psychiatric disability. No other aspect of the Veterans Court's decision is affected by this opinion.[1]

## VACATED IN PART

### Costs

Each party shall bear its own costs.

---

[1] Murton's pending "motion to dismiss" is hereby denied as moot.