NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————————

**STEPHANIE MICHAEL,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

—————————————

2017-1569

—————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3356, Judge William Greenberg.

—————————————

Decided: June 12, 2017

—————————————

STEPHANIE MICHAEL, Houston, TX, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Stephanie Michael seeks review of the December 28, 2016 decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying her petition for relief in the form of declaratory judgment. *Michael v. McDonald*, No. 16-3356, 2016 WL 7448386 (Vet. App. Dec. 28, 2016). For the following reasons, we *affirm* the decision of the Veterans Court.

## BACKGROUND

Ms. Michael is an honorably-discharged disabled veteran of the United States Marine Corps. In October 2012, she filed a complaint in the United States District Court for the Southern District of Texas, alleging that the Department of Veterans Affairs (the "VA") acted negligently with respect to her benefits determinations, in violation of the Federal Tort Claims Act (the "FTCA"). *Michael v. United States*, No. 12-cv-03093, 2013 U.S. Dist. LEXIS 189859 (S.D. Tex. Feb. 11, 2013). "After finding that [Ms. Michael]'s complaint d[id] not state a plausible claim for negligence, and instead s[ought] review of the underlying benefits decisions," the district court dismissed her complaint for lack of jurisdiction. *Id.* at *1–2 (citing 38 U.S.C. § 511(a)).

On September 13, 2013, Ms. Michael submitted a Standard Form 95—"Claim for Damage, Injury, or Death"—to the VA, alleging wrongful deprivation of VA benefit payments covering the period from 1993 to 2003 and totaling $10.2 million in damages, all in violation of the FTCA. The VA denied that claim via letter, stating: "[T]he issues which you have raised in your submission—VA Benefit matters—cannot by law be considered under the [FTCA]." J.A. 15.

Ms. Michael again filed suit in the Southern District of Texas, alleging that she had "been deprived of rights and property due to the negligent actions of commission and omission by several VA employees over a period of 20 years to present." *Michael v. United States*, No. 14-2421, 2015 WL 11123316, at *1 (S.D. Tex. Feb. 3, 2015). On February 3, 2015, the district court granted the government's motion to dismiss for lack of subject matter jurisdiction, relying on res judicata due to the previous 2013 dismissal order. *Id.* at *1–2. Ms. Michael timely appealed this decision to the United States Court of Appeals for the Fifth Circuit, which, on September 17, 2015, affirmed the district court's judgment. *Michael v. United States*, 616 F. App'x 146 (5th Cir. 2015). On May 16, 2016, the Supreme Court of the United States denied Ms. Michael's subsequent petition for writ of certiorari. *Michael v. United States*, 136 S. Ct. 2013 (2016).

On September 29, 2016, Ms. Michael filed a petition with the Veterans Court seeking a declaratory judgment, which she later withdrew. *Michael*, 2016 WL 7448386, at *1. On November 9, 2016, judgment issued. *Id.* On November 10, 2016, Ms. Michael filed a motion to stay the issuance of mandate and an amended petition for relief in the form of a declaratory judgment. *Id.* Specifically, her motion appears to have requested a declaratory judgment that the Veterans Court has jurisdiction to hear her FTCA claims. The Veterans Court denied Ms. Michael's petition, "because the [Veterans] Court does not have the jurisdiction to issue declaratory judgments. . . . [It] adheres to the case-or-controversy jurisdictional constraints provided for in Article III of the U.S. Constitution." *Id.* (citing *Mokal v. Derwinski*, 1 Vet. App. 12, 13–15 (1990)). Ms. Michael timely appealed to this court.

DISCUSSION

Our ability to review a decision of the Veterans Court is limited. We may review "the validity of a decision of

the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2012). We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). Except to the extent that an appeal presents a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In her informal brief, Ms. Michael appears to raise essentially two separate arguments: (1) the Veterans Court erred by denying her request for declaratory judgment; and (2) the district court and Fifth Circuit erred in dismissing her complaint(s).

Regarding the Veterans Court's decision, Ms. Michael argues that the Veterans Court "mischaracteriz[ed]" her petition "as a petition for extraordinary relief"—i.e., "mandamus"—instead of addressing it as a petition for "declaratory relief under 28 U.S.C. 2201." Appellant Br. at 1–5. Had the Veterans Court done so, she argues: "(1) it would have identified the case and controversy relevant [to] the Article III and statutory requirements . . . concluded to be nonexistent by the [Veterans Court], and; (2) could have issued a decision consistent with its existing procedures and applicable law . . . ." *Id.* at 5.

We decline to vacate the Veterans Court's decision. The Veterans Court explicitly read Ms. Michael's petition as one for "declaratory judgment[]," not mandamus or other extraordinary relief. *Michael*, 2016 WL 7448386, at *1. Ms. Michael's arguments on appeal indicate that such

a reading was correct. Taking her petition as one for declaratory judgment, the Veterans Court did not err in denying it, but does appear to have misstated the relevant law. The Veterans Court described its reasoning for denial as follows:

> The Court concludes that it must deny the petitioner's petition because the Court does not have the jurisdiction to issue declaratory judgments. This Court adheres to the case-or-controversy jurisdictional constraints provided for in Article III of the U.S. Constitution. *See Mokal v. Derwinski*, 1 Vet. App. 12, 13–15 (1990). Because there is no case or controversy to attach to, the Court has no choice but to deny the requested relief of the petitioner.

*Michael*, 2016 WL 7448386, at *1. The most straightforward reading of this order suggests that, *because* the Veterans Court only entertains actual cases and controversies, it cannot issue declaratory judgments—as if the two were mutually exclusive. But 28 U.S.C. § 2201 only permits relief "[i]n a case of actual controversy" in the first place—a phrase that "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Indeed, by the Veterans Court's reasoning, no Article III court could entertain petitions for declaratory judgments.

Rather, the Veterans Court cannot entertain petitions for declaratory judgments because it "is not 'a court of the United States' within the meaning of [28 U.S.C. § 2201] and cannot derive any powers therefrom." *In re Wick*, 40 F.3d 367, 372 (Fed. Cir. 1994) (citing *Nagler v. Derwinski*, 1 Vet. App. 297, 306 (1991)). As the court observed in *Wick*, the term "court of the United States" is defined by statute as any court created by Act of Congress whose judges "are entitled to hold office during good behavior."

*Id.* (quoting 28 U.S.C. § 451). Veterans Court judges, on the other hand, are appointed by the President to serve a term of fifteen years. *Id.* (citing 38 U.S.C. § 7523). Accordingly, the Veterans Court properly denied Ms. Michael's petition for declaratory judgment as not within the scope of its authority.

Regarding the district court and Fifth Circuit, Ms. Michael's arguments are less scrutable. She states, in relevant part:

> The orders from U.S. Supreme Court; U.S. Court of Appeals for the Fifth Circuit; and the U.S. District Court for the Southern District of Texas at issue judicially imposing *Bivens* claim remedy provided by Congress for exclusive judicial review of final Board of Veterans Appeals decisions of the Secretary within the Veterans Judicial Review Act of 1988 thereby conferring subject matter jurisdiction upon the U.S. Court of Appeals for Veterans Claims is are void. Instead of is based on the merits of the (1) Government's conclusions from review prohibited by 38 USC 511 of the final and conclusive decisions of the Secretary in present case.

Appellant Br. at 8–9. Regardless of the substance of her arguments, Ms. Michael does not allege any of the limited bases on which this court would have jurisdiction to review the decision of the district court. *See* 28 U.S.C. § 1295. And she has not—indeed cannot—cite authority under which this court is able to review the decision-making of the Fifth Circuit or the Supreme Court in this context.

CONCLUSION

After full review of the record and careful consideration, we affirm.

**AFFIRMED**