NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR L. HAIRSTON, SR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2055

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4692, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge Joseph L. Toth.

---

Decided: November 7, 2024

---

ARTHUR LEE HAIRSTON, I, Martinsburg, WV, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, BENJAMIN ISAAC HERSKOVITZ, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, TARANTO, and STOLL, *Circuit Judges*.

PER CURIAM.

Arthur L. Hairston, Sr. appeals pro se from a judgment of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans Appeals ("Board") denying him nonservice-connected pension benefits. We *affirm*.

BACKGROUND

Mr. Hairston served in the Air Force from 1974 to 1976, and from the time of his discharge, he has periodically received nonservice-connected, need-based pension benefits. These benefits are not available if the veteran's income exceeds a threshold amount.

In December 2018, Mr. Hairston reapplied for pension benefits and reported in his application that his wife's annual income was $20,494. At the time, Mr. Hairston was also receiving Social Security disability payments in the amount of $6,876 per year.

The regional office of the Department of Veterans Affairs denied Mr. Hairston's claim for pension benefits because the combined annual income of $27,370 for Mr. Hairston and his wife exceeded the then-applicable maximum annual pension rate. Mr. Hairston appealed to the Board, which affirmed, concluding that his annual income exceeded the 2019 threshold of $17,724 for one veteran and one dependent.

Mr. Hairston then appealed to the Veterans Court and filed a brief in support of his position. The Veterans Court issued an order stating that it believed his appeal raised an issue warranting a precedential opinion. The court's order additionally asked the Veterans Consortium Pro

Bono Program to identify a "qualified volunteer counsel" to represent Mr. Hairston in his appeal. S.App'x 18.[1] Eventually, that program recommended counsel, and Mr. Hairston retained Kenneth M. Carpenter and Courtney L. Smith on a pro bono basis to represent him before the Veterans Court. Although Mr. Hairston had filed his own pro se brief, Mr. Carpenter and Ms. Smith filed a motion seeking leave to file a new brief on Mr. Hairston's behalf. The court granted the motion over the government's objection. There is no indication that Mr. Hairston's brief was stricken.

On April 20, 2023, the Veterans Court issued its decision. *See Hairston v. McDonough*, 36 Vet. App. 131 (2023). The court rejected each of Mr. Hairston's arguments, concluding that his challenges to the VA's application of the threshold limit to the combined annual income of himself and his wife were unsupported by the relevant statutes and regulations. *See id.* at 140–41.

After the Veterans Court issued its decision, Mr. Hairston filed several documents expressing his displeasure with Mr. Carpenter's and Ms. Smith's representation, accusing them of malpractice. Mr. Carpenter and Ms. Smith filed a motion to withdraw as counsel, which the court granted.

Mr. Hairston continued to file documents with the Veterans Court, which the court construed as motions for reconsideration of its earlier decision. The court understood Mr. Hairston to argue that the court erred by allowing Mr. Carpenter and Ms. Smith to file new briefs on his behalf and by considering those briefs in resolving his appeal. The Veterans Court rejected his claims.

Mr. Hairston appeals.

---

[1] Citations to "S.App'x" are to the supplemental appendix filed by the government.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. *Id.* § 7292(a). Except for constitutional issues, we may not review the Veterans Court's factual findings or its application of law to facts. *Id.* § 7292(d)(2). Whether the Veterans Court properly exercised jurisdiction over Mr. Hairston's appeal "is a matter of statutory interpretation" over which we hold jurisdiction, and "which this court undertakes de novo." *In re Wick*, 40 F.3d 367, 370 (Fed. Cir. 1994) (citing *Weddel v. Sec'y of Dep't of Health & Human Servs.*, 23 F.3d 388, 391 (Fed. Cir. 1994)).

Mr. Hairston argues that the Veterans Court lacked jurisdiction to decide his appeal because it permitted Mr. Carpenter and Ms. Smith to file new briefs on his behalf, and that the court violated his constitutional rights when it considered the new briefs filed by his attorneys but not the informal brief he previously filed. These arguments are without merit. Mr. Hairston does not explain why the new briefing by his then-retained attorneys was improper, and he does not demonstrate how, if at all, the arguments in those new briefs deviated from those included in his informal brief. Contrary to Mr. Hairston's suggestion that the Veterans Court "removed" his brief, ECF No. 9-2 at 2, the Veterans Court's docket shows that his informal brief was received by the Veterans Court, it was never stricken or removed from the record, S.App'x 24–30, and there is no indication that the Veterans Court failed to consider it. The Veterans Court did not err in exercising jurisdiction over Mr. Hairston's appeal.

## AFFIRMED

### Costs

No costs.