# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 25-4066

VICTOR B. SKAAR, PETITIONER,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before ALLEN, *Chief Judge*, and LAURER and JAQUITH, *Judges.*

# O R D E R

ALLEN, *Chief Judge*, filed the opinion of the Court. JAQUITH, *Judge*, filed a concurrence.

On May 20, 2025, Victor B. Skaar filed a petition for extraordinary relief in the nature of a writ for mandamus (petition). The petition asks the Court to issue a writ of mandamus or other appropriate writ to (1) hold that the Board of Veterans' Appeals (Board) has the authority to aggregate claims pending before the Board or at the regional offices (RO); (2) direct the Board to exercise its authority to determine, on the merits, whether to certify an aggregate action concerning a proposed class of veterans who cleaned up radioactive material near the village of Palomares, Spain; and (3) should the Court determine that the Board has already considered and rejected his aggregation request, direct the Board to certify the proposed class.[1] This action is, in some sense, a follow-up to the Court's recent decision dismissing Mr. Skaar's appeal of the Board's ruling that it did not have power to aggregate claims.[2] We convened a panel in this action to consider petitioner's requests for an extraordinary writ under the All Writs Act[3] and held oral argument on November 13, 2025.[4]

As we explain below, the resolution in this matter ultimately comes down to the basics of the All Writs Act. Under well-established law, petitioner is not entitled to the extraordinary relief he seeks because that relief would not protect our prospective jurisdiction and, even leaving that critical point aside, he has adequate alternative means to preserve his claim that the Board erred in connection with addressing his motion for aggregate proceedings. Moreover, VA has not unreasonably delayed acting in Mr. Skaar's case, something that could support the issuance of a writ in appropriate circumstances. So, we will deny the petition.

---

[1] Petition (Pet.) at 1.

[2] *See Skaar v. Collins* (*Skaar III*), 38 Vet.App. 225 (2025) (per curiam order). Mr. Skaar has been before the Court several times. This fact explains why the decision we have cited here is denominated *Skaar III*. The other cases will make their appearances later in this order.

[3] 28 U.S.C. § 1651(a).

[4] *See* Oral Argument (OA), https://www.youtube.com/watch?v=0NmxZN90SwE.

## I. BACKGROUND

We begin with the factual and procedural background necessary to understand our decision. Mr. Skaar is a veteran of the U.S. Air Force.[5] In 1966, he was one of nearly 1,400 servicemembers deployed to Palomares, Spain, to clean up radioactive plutonium dust after two U.S. thermonuclear bombs were destroyed in an aircraft accident.[6] These servicemembers were exposed to radiation as part of their clean-up duties. In fact, Congress recently designated the Palomares clean-up as a "radiation risk activity."[7] Mr. Skaar was in a group of Palomares veterans known as the "High 26," a group comprised of veterans who registered the highest levels of radiation exposure.[8]

In 1998, Mr. Skaar filed an initial claim seeking benefits for leukopenia as related to radiation exposure.[9] In 2013, Mr. Skaar filed a claim for benefits related to skin cancer.[10] After extensive proceedings before VA, this Court, and the Federal Circuit, we remanded Mr. Skaar's claims to the Board in September 2023.[11] We remanded the matter based on the mutual agreement of the parties that Mr. Skaar's individual claim should return to the Board for readjudication.[12] In a December 2023 decision following the remand, the Board granted Mr. Skaar entitlement to service connection for leukopenia and remanded his claim for entitlement to benefits for skin cancer for further development.[13]

On June 13, 2024, the RO denied Mr. Skaar's entitlement to benefits for skin cancer.[14] Two weeks later, Mr. Skaar disagreed with the RO's decision, appealing to the Board and electing the evidence submission docket.[15] On July 12, 2024, Mr. Skaar filed with the Board a motion to aggregate a class of all U.S. veterans who were present at the 1966 cleanup of plutonium dust in Palomares, Spain.[16] Around the same time, Mr. Skaar filed a parallel petition for extraordinary relief with the Court seeking an answer from the Secretary regarding his prior unanswered motions

---

[5] Pet. at 3-4.

[6] *Id.* at 4. A more detailed description of the Palomares incident is set forth in a previous opinion of the Court concerning Mr. Skaar's request to proceed as a class representative before the Court. *See Skaar v. Wilkie* (*Skaar I*), 32 Vet.App. 156, 180 (2019) (en banc order), *vacated and remanded sub nom., Skaar v. McDonough*, 48 F.4th 1323 (Fed. Cir. 2022), *reh'g denied*, 57 F.4th 1015 (Fed. Cir. 2023).

[7] Sergeant First Class Heath Robinson Honoring our Promise to Address Comprehensive Toxics Act of 2022 (PACT Act), Pub. L. 117-168, 136 Stat. 1759 (codified as amended in scattered sections of 38 U.S.C.).

[8] *Skaar I*, 32 Vet.App at 168.

[9] Secretary's July 24, 2025, Response (Resp.) at 2.

[10] Pet. at 17.

[11] *See Skaar v. Wilkie* (*Skaar II*), 33 Vet.App. 127 (2020), *vacated in part sub nom., Skaar v. McDonough*, 48 F.4th 1323 (Fed. Cir. 2022).

[12] *Id.*

[13] Secretary's Resp. at 5.

[14] *Id.*

[15] *Id.*

[16] Pet., Exhibit (Ex.) E.

2

to aggregate a class.[17] The Court ordered the Secretary to provide a declaration from an appropriate Board official stating clearly and directly whether the Board would rule on Mr. Skaar's then-pending motion for aggregation.[18] Apparently in response to the Court's order, in a July 31, 2024, "Ruling on Motion" (ruling), the Board's Deputy Vice Chairman denied Mr. Skaar's motion to aggregate, explaining that the Board does not have the legal authority to aggregate claims or certify a class of claimants.[19] The Deputy Vice Chairman also stated that "aggregation of appeals is inconsistent with the nonprecedential nature of Board decisions" and "aggregating a group of claims for the purpose of establishing a legal conclusion for the entire class is contrary to the Board's role in the claims and appeals process."[20]

On August 20, 2024, Mr. Skaar filed a Notice of Appeal with the Court contesting the Board's determination on his motion for aggregation.[21] That appeal was referred to a panel of the Court for resolution. In April 2025, the Court dismissed Mr. Skaar's appeal. The Court held that the July 2024 ruling on the aggregation motion was not a final Board decision and, therefore, the Court lacked jurisdiction to consider the matter in the context of an appeal.[22] However, the Court declined to consider whether we could review the legal question of the Board's authority to aggregate via a petition.[23] This all led to Mr. Skaar's May 20, 2025, petition presently before the Court.

We note that in the period following the filing of the current petition, VA has continued to develop Mr. Skaar's skin cancer claim. On August 21, 2025, following the June 2024 RO denial of Mr. Skaar's skin cancer claim, he sought higher level review (HLR) challenging the RO's decision.[24] Then, on September 19, 2025, petitioner filed a *Solze* notice to inform the Court that VA had granted his HLR request and that VA had ordered a medical examination to continue developing his individual claim.[25]

## II. ANALYSIS

Although we paraphrased it earlier, we begin by setting out what petitioner seeks from the Court in his own words. He requests we issue a writ of mandamus (or other appropriate order):

> (1) holding that the [Board] has the authority to aggregate claims pending before the Board or at the VA [ROs], and (2) directing the Board to exercise this authority so as to determine, on the merits,

---

[17] *Skaar v. McDonough*, U.S. Vet. App. No. 24-2457 (April 15, 2024) (petition).

[18] *Skaar v. McDonough*, U.S. Vet. App. No. 24-2457 (July 18, 2024) (order).

[19] Pet., Ex. C.

[20] *Id.*

[21] *Skaar III*, 38 Vet.App. at 226.

[22] *Id.* at 228-29.

[23] *Id.*

[24] *Solze* Notice, Ex. A.

[25] *Solze* Notice at 1.

whether to certify the proposed class of Palomares veterans. If the Court concludes that the Board has already considered and rejected certification of a Palomares class on the merits, then Mr. Skaar requests that the Court's writ also (3) direct the Board certify the proposed class.[26]

Petitioner's requests for relief are clear as far as they go. However, there are two issues concerning the relief that petitioner seeks that are worth highlighting before we proceed. First, petitioner distinguishes between the Board ruling on *the merits* of his aggregation request, which it has not done, and the Board ruling that it *lacks authority* to aggregate claims.[27] This distinction has the effect of framing the issue before us in a way that makes the issuance of a writ look more appropriate than it is. After all, there is no question that the Board has never ruled that certification of the class petitioner seeks to represent is not appropriate under the merits of any procedural rule about aggregation.[28]

As we will return to several times in our analysis, we reject the distinction that petitioner draws between the Board ruling on the merits of an aggregation request and ruling that the Board lacks the authority to aggregate matters at all. Petitioner points to nothing to support his position, and we can think of nothing to support it. In both scenarios, the Board denies the motion. And in both cases, that denial will be subject to review before the Court in any future appeal.[29] We understand that petitioner believes that the Board is wrong that it lacks authority to aggregate claims. But being wrong does not convert a denial into a refusal to act. So, we will proceed on the basis that the Board has addressed the aggregation motion thorough the Deputy Vice Chairman's July 2024 ruling that the Board categorically lacks the authority to aggregate claims through class actions.

The second point relates to allegations concerning unreasonable delay. While petitioner briefly makes a claim of unreasonable delay in his petition, the argument is largely underdeveloped.[30] We'll return to that point shortly. For now, we highlight that the petition's reference to unreasonable delay was limited to purported delay in ruling on the aggregation motion.[31] Nowhere in the petition does petitioner allege that VA has unreasonably delayed adjudicating his individual skin cancer claim.[32]

---

[26] Pet. at 1.

[27] Pet. at 19; Petitioner's Aug. 21, 2025, Reply (Reply) at 2-3; OA at 19:45-20:20.

[28] Of course, there is no rule that petitioner can cite to when aggregation would be appropriate before the Board. But we will assume that should the Board adopt an aggregation rule it would at least generally be similar to aggregation rules in other fora. The point is that we agree with petitioner that the Board has done nothing that could be said to consider any type of merits determination about aggregation.

[29] OA at 8:12-8:43; Pet. at 7-8; Secretary's Resp. at 9.

[30] *See* Pet. at 19-20.

[31] *Id*. As we'll explain, the claim about delay concerning the aggregation motion is also infected with petitioner's erroneous distinction between ruling on the merits of the motion and concluding the Board lacks the authority to certify classes.

[32] While it is inappropriate to raise new arguments in a reply, *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1332-33 (Fed. Cir. 2001), we note that there isn't any reference to unreasonable delay concerning the skin cancer claim in that

At oral argument, petitioner's counsel was inconsistent about whether petitioner was asserting that VA had delayed Mr. Skaar's individual skin cancer claim.[33] At one point, counsel suggested that Mr. Skaar was contending that there was delay in his individual claim.[34] However, then counsel clarified that the delay allegation was about the merits of the requested aggregation.[35] Ultimately, it seems that the only claim of delay that petitioner is asserting deals with the Board not providing a merits ruling on his aggregation request.[36]

We proceed as follows: We begin by laying out the basic legal principles governing our adjudication of requests for relief under the All Writs Act, including when there are allegations of unreasonable agency delay. Next, we address petitioner's non-delay-based claims for relief. We explain that petitioner has not shown that a writ is necessary to protect our prospective jurisdiction, in large measure because an appeal following a final decision by the Board would adequately protect his claimed rights. Nor has petitioner established that he has a clear and indisputable right that must be protected via a writ. Finally, we briefly turn to the delay-based claims. First, we reiterate that there has been no delay in ruling on petitioner's motion for aggregation. A disagreement with the reason for the Board's denial does not make this a matter of delay. Then we briefly explain why, even if we (counterfactually) assumed petitioner alleged unreasonable delay in adjudicating his skin cancer claims, such claim lacks merit given VA's actions processing that claim.

## A. The Legal Landscape

Like all courts created by Congress, our jurisdiction is limited.[37] For this Court, Congress has limited our jurisdiction to reviewing final Board decisions that are adverse to claimants.[38] We also have the authority under the All Writs Act to issue extraordinary writs to aid our prospective jurisdiction.[39] But the All Writs Act is not a separate source of jurisdiction. Instead, we use the All Writs Act to protect our prospective jurisdiction.[40]

---

document either.

[33] OA at 9:11-9:33; 19:21-19:37; 20:42-21:25.

[34] OA at 9:11-9:33. Of course, we note that it would be inappropriate for counsel to raise such an argument for the first time at oral argument. *Pieczenik*, 265 F.3d at 1332-33 (finding that "[i]t is well settled that an appellant is not permitted to make new arguments that it did not make in its opening brief" and not addressing arguments presented for the first time at oral argument); *see, e.g.*, *McFarlin v. Conseco Servs., L.L.C.*, 381 F.3d 1251, 1263 (11th Cir. 2004) ("A party is not allowed to raise at oral argument a new issue for review."); *Tarpley v. Greene*, 684 F.2d 1, 7 n.17 (D.C. Cir. 1982) ("Clearly, oral argument on appeal is not the proper time to advance new arguments or legal theories.").

[35] OA at 19:21-19:37.

[36] OA at 21:06-21:25.

[37] *See Skaar I*, 32 Vet.App. at 180; *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) ("'Courts created by statute can have no jurisdiction but such as the statute confers.'" (quoting *Sheldon v. Sill*, 49 U.S. 441, 449, (1850)).

[38] 38 U.S.C. § 7252(a).

[39] 28 U.S.C. § 1651(a).

[40] *See Love v. McDonough*, 35 Vet.App. 336, 342 (2022) (per curiam order), *aff'd*, 100 F.4th 1388 (Fed. Cir. 2024);

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."[41] Three conditions must be met before the Court may issue a writ: (1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for an appeal; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the writ is warranted.[42]

The All Writs Act can also serve as a means to remedy unreasonable agency delay.[43] If an agency is unreasonably delaying taking an action, then a court's jurisdiction to review such agency action is so thwarted by the delay and a writ would be appropriate. So, a court can compel the agency to act even if it could not compel a specific result.[44]

When delay is the basis for a petition, "the overarching inquiry . . . is 'whether the agency's delay is so egregious as to warrant mandamus.'"[45] In *TRAC*, the U.S. Court of Appeals for the D.C. Circuit identified six factors relevant to this inquiry: (1) the time that agencies take to make a decision must be governed by a "rule of reason"; (2) where, in the enabling statute, Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, that statutory scheme may supply content for this rule of reason; (3) delay that may be reasonable in the sphere of economic regulation [is] less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) there need not be "any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"[46]

### B. Petitioner's Non-Delay-Based Claims

Petitioner's requests for relief based on his non-delay-based claims do not support granting an extraordinary writ under the All Writs Act. We begin by reiterating a critical defect in petitioner's argument: He is simply wrong when he suggests that the Board has not ruled on his request that the Board aggregate certain claims at the Board level.[47] The Board did so through the July 31, 2024, ruling from the Board's Deputy Vice Chairman determining that the Board did not

---

see also Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943) (noting that the "function of mandamus in aid of appellate jurisdiction is to remove obstacles to appeal").

[41] *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976).

[42] *See Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

[43] *See Martin v. O'Rourke*, 891 F.3d 1338, 1343 (Fed. Cir. 2018) (noting that this Court is empowered to "'compel action of the Secretary unlawfully withheld or unreasonably delayed'" (quoting 38 U.S.C. § 7261(a)(2))).

[44] *See Wolfe v. McDonough*, 28 F.4th 1348, 1357-58 (Fed. Cir. 2022).

[45] *Martin*, 891 F.3d at 1344-45 (quoting *Telecomms. Rsch. & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70, 79 (D.C. Cir. 1984)).

[46] 750 F.2d at 80.

[47] Pet. at 9-14.

have the authority to aggregate claims as a categorical matter.[48] We recognize that petitioner disagrees with this determination as a matter of law and, relatedly, also believes that the Board should have ruled on the merits of the aggregation request. But neither of these positions alters the fact that the Board has ruled on the aggregation request. The Secretary has made clear that the Court can review the propriety of the Board's determination in any future appeal from a final, adverse Board decision on petitioner's skin cancer claim.[49] The petition acknowledges as much, saying that, "[i]f the Board dispatches Mr. Skaar's skin cancer claim without either adjudicating or granting the motion for aggregation, the Court will have jurisdiction under 38 U.S.C. §§ 7252(a), 7104(a), and 511(a) to review both the benefits decision and the specific legal holding on authority to aggregate."[50] We agree that we could do so in any future appeal. This means that petitioner is inappropriately using the All Writs Act as a substitute for the normal appeals process.[51] Petitioner may be frustrated with the administrative process, but that is insufficient to warrant an extraordinary writ.

Looking at things through a slightly different lens, petitioner also fails to show that the relief he seeks is necessary to preserve the Court's prospective jurisdiction. The Board has ruled on the motion to aggregate, albeit not as petitioner would like. The petitioner argues that "the Secretary is unlawfully withholding an action over which the Board has jurisdiction and a determination to which Mr. Skaar is entitled"[52] and that "to unlawfully withhold a merits decision concerning Mr. Skaar's proposed class frustrates this Court's appellate jurisdiction."[53] But 38 U.S.C. § 7261(a)(2)'s authorization to "compel action of the Secretary unlawfully withheld" is not an independent grant of jurisdiction; it merely sets out the scope of the Court's review in cases within its jurisdiction.[54] And  the petitioner does not demonstrate how the Court's jurisdiction is frustrated when, as the petitioner acknowledges, the propriety of the Board's actions will be subject to review in any future appeal to the Court should the Board deny petitioner's skin cancer claim. The Supreme Court has held that orders granting or denying class certification are interlocutory, and thus not generally immediately reviewable; instead, petitioners and appellants "may pursue their individual claims on the merits to final judgment, at which point the denial of class []action certification becomes ripe for review."[55] We just don't see how the relief petitioner seeks now would preserve jurisdiction that we otherwise could exercise but for some agency action. And we note that petitioner was unable to explain how the failure to rule on the aggregation request as he would like affects his *individual* skin cancer claim in any way.[56]

---

[48] *See* Pet., Ex. C.

[49] OA at 49:50-50:29; Secretary's Resp. at 9 ("[Petitioner] is free to challenge the Deputy Vice Chairman's ruling once there is a final Board decision on his claim").

[50] Pet. at 8.

[51] *See Cheney*, 542 U.S. at 380-81.

[52] Pet. at 9.

[53] Reply at 3; *see* 38 U.S.C. § 7261(a)(2) ("[T]o the extent necessary to its decision and when presented, [the Court] shall (2) compel action of the Secretary unlawfully withheld or unreasonably delayed").

[54] *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 56 (2020).

[55] *Microsoft Corp. v. Baker*, 582 U.S. 23, 26 (2017).

[56] OA at 20:20-20:49.

7

All that is left of petitioner's non-delay-based request for relief seems to be that we should order the Board to rule on the aggregation request on a different ground than it did. Specifically, petitioner requests that we order the Board to rule on the merits of the request, what we take to mean a ruling on the specific merits of his particular request instead of the Board's categorical authority-based grounds.[57] But petitioner has failed to demonstrate a clear and indisputable right to a writ directing the Board to use different reasoning to address his aggregation request. He has pointed us to nothing that supports that purported right and our independent review has found nothing to support it either.

In sum, no matter how we look at petitioner's non-delay-based claims, he is not entitled to relief under the All Writs Act. So, we will deny the petition for these claims.[58]

### C. Petitioner's Delay-Based Claim

This brings us to petitioner's delay-based claims. As we noted earlier, petitioner was not entirely clear about his allegations that VA unreasonably delayed doing anything. The petition has a brief discussion of delay, but it does not contain *any* analysis under the *TRAC* factors concerning *anything*.[59] This failure to develop an argument is reason enough for us to deny relief.[60] Nevertheless, and exercising our discretion, we will briefly explain why any delay-based arguments lack merit.

Let's assume that what petitioner argues is that VA has unreasonably delayed adjudicating his motion for aggregation of the proposed class. Under this assumption, the claim fails right out of the gate. As we have explained, VA has provided a clear answer that the Board lacks the authority to aggregate claims or certify a class at the Board level. To be sure, petitioner disagrees with this determination. But that disagreement does not convert action into inaction.[61] There is no delay to analyze under the *TRAC* factors.

This leaves us with a potential allegation that VA has somehow unreasonably delayed in adjudicating petitioner's individual skin cancer claim. As we've explained, petitioner did not make that claim in the petition and his position at oral argument was at times unclear. But even assuming

---

[57] *See* Pet. at 1, 19; Reply at 9.

[58] It may also be that petitioner is not entitled to the relief he seeks because it would run afoul of the Federal Circuit's admonition that a writ may not be used to effectuate a substantive outcome. *See Wolfe*, F.4th at 1357-58. We note that the situation we face is somewhat different from the one in *Wolfe* because the result that petitioner seeks here concerns a procedural outcome. Given the other defects with petitioner's arguments we have discussed, we leave for another day whether there is any material difference between effectuating a substantive result or a procedural one under *Wolfe*.

[59] *See* Pet. at 19-20.

[60] *See Locklear v. Nicholson*, 20 Vet.App. 410, 416-17 (2006) (stating that the Court will not entertain underdeveloped arguments).

[61] To be clear, we express no opinion about the merits question of whether the Board has the authority to aggregate claims. We also express no opinion about whether, assuming the Board has such authority, aggregation would be appropriate on the facts that petitioner presents.

petitioner alleged unreasonable delay in that regard, the facts show that there has been no unreasonable delay.

Peitioner's counsel stated at oral argument:

> The unreasonable delay is as to the class certification decision, and so to the extent that the delay in his individual skin cancer claim contributes to that, but is not all of that, that is the unreasonable delay. But we are not alleging that the individual skin cancer claim alone is being unreasonably delayed.[62]

In fact, petitioner's counsel went on to say that "Mr. Skaar has been consistently advanced on the docket."[63] And as petitioner informed the Court, VA granted his HLR request and ordered a medical examination to continue developing his individual claim.[64] Mr. Skaar's individual claim is progressing through the system so there has been no delay for Mr. Skaar's individual skin cancer claim.[65]

In sum, although VA has not addressed the merits of Mr. Skaar's proposed class, the Court does not find unreasonable delay because VA has given petitioner an answer about his aggregation request: no. VA has made clear that, in its opinion, it lacks the authority to aggregate claims or certify a class of veterans at the Board or RO level. Now, VA may ultimately be wrong. But being wrong about this legal question does not support the extraordinary relief petitioner seeks. Nor does being wrong about the question convert VA's action into inaction or a refusal to act. Mr. Skaar can, in due course, present an argument to this Court about the merits of aggregation arguments following a final Board decision, should it be adverse to him. And so, the Court will deny the petition for any delay-based claims.

### III. CONCLUSION

As we have explained, petitioner has not met his burden to show that extraordinary relief under the All Writs Act is warranted. So, it is

ORDERED that the petition is DENIED.

DATED: January 22, 2026                       PER CURIAM.

JAQUITH, *Judge*, concurring: I concur fully in the per curiam opinion and write separately only to express sympathy for the petitioner's eagerness for answers, for himself and for others in

---

[62] OA at 21:06-21:25.

[63] OA at 1:07:06-1:07:10.

[64] *Solze* Notice at 1.

[65] As we noted above, we understand that we should employ the *TRAC* factors to assess unreasonable agency delay. But here, given that petitioner has not alleged that VA has unreasonable delayed adjudicating his individual claim combined with the indisputable evidence that VA has consistently been processing his claim, there is no need to engage in the full *TRAC* analysis. There simply is no delay in processing the individual skin cancer claim. And that likely explains why petitioner does not make an argument that VA has done so.

his proposed class, as time marches on. Mr. Skaar is now 89 years old. It has been 60 years since he was sent to assist in cleaning up following the mid-air collision of an Air Force bomber with a refueling tanker over Palomares, scattering the bomber's atomic payload across the countryside and causing explosions that released a cloud of radioactive plutonium dust over the area and spread radioactive debris for miles.[66] After nearly 27 years of active service, Mr. Skaar retired as a command master sergeant (E-9) in 1981.[67] He was diagnosed with skin cancer in 2013, and his compensation claim for that disability is pending.[68] Since December 2017, he has pursued class certification.[69] In the 8 years that have passed, a statutory change satisfied one of the objects of his class action motions: Section 1112 has added to the definition of "radiation-risk activity" "[o]nsite participation in the response effort following the collision of a United States Air Force B-52 bomber and refueling plane that caused the release of four thermonuclear weapons in the vicinity of Palomares, Spain, during the period beginning January 17, 1966, and ending March 31, 1967."[70] This opinion will be his 13th from this Court since 2018, and he has received two decisions from the Federal Circuit. As adjudicative and appellate processes go forward, it seems fitting to urge and provide as prompt attention to this case as is possible.

---

[66] *Skaar v. Wilkie* (*Skaar I*), 32 Vet.App. 156, 199 (2019) (en banc order), *vacated and remanded sub nom., Skaar v. McDonough*, 48 F.4th 1323 (Fed. Cir. 2022), *reh'g denied*, 57 F.4th 1015 (Fed. Cir. 2023).

[67] *Skaar v. Wilkie* (*Skaar II*), 33 Vet.App. 127, 132 (2020), *vacated in part sub nom.*, *Skaar v. McDonough*, 48 F.4th 1323 (Fed. Cir. 2022).

[68] *Id.* at 144-45.

[69] *Skaar I*, 32 Vet.App. at 171.

[70] 38 U.S.C. § 1112(c)(3)(B)(vi); *see* 38 C.F.R. § 3.309(d)(3)(ii)(G) (2025).