# United States Court of Appeals for the Federal Circuit

---

**VINCENT CURTIS CONYERS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1525

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4423, Judge Coral Wong Pietsch, Judge Grant Jaquith, Judge Joseph L. Toth.

---

Decided: January 30, 2024

---

V. C. CONYERS, Uniondale, NY, pro se.

MILES JARRAD WRIGHT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; MICHELLE BERNSTEIN, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, REYNA and HUGHES, *Circuit Judges*.

REYNA, *Circuit Judge*.

Vincent Curtis Conyers, an army veteran, applied for employment benefits under the Veteran Readiness and Employment program, a program administered by the United States Department of Veterans Affairs. After the VA denied his application, Mr. Conyers requested an administrative review, which resulted in another decision to deny the application. Mr. Conyers then appealed to the Board of Veterans' Appeals, which affirmed the denial decision. Mr. Conyers appealed the Board decision to the United States Court of Appeals for Veterans Claims, which affirmed the Board. In reaching its decision, the Veterans Court rejected Mr. Conyers' claim that certain documents formed part of the administrative record under the doctrine of constructive possession. Because the Veterans Court applied an incorrect legal standard in its review of the doctrine of constructive possession, we vacate and remand for further proceedings.

## BACKGROUND

The U.S. Department of Veterans Affairs ("VA") administers the Veteran Readiness and Employment program. *See* Appx1.[1] The Readiness and Employment program is designed to provide benefits and services "to help veterans integrate themselves into the civilian work force." *Id.*

In 2013, Mr. Conyers applied for Readiness and Employment program benefits. Appx2. After Mr. Conyers

---

[1] "Appx" refers to the appendix submitted by Mr. Conyers and "SAppx" refers to the appendix submitted with the Response Brief filed by the government on behalf of the VA.

submitted various questionnaires and met with a VA counselor, the VA rejected his claim "because his chosen vocational goal was not feasible." Appx2–3. Mr. Conyers requested administrative review of the VA's decision to reject his Readiness and Employment program claim. Appx3. The VA promptly issued a decision finding that Mr. Conyers had not identified a reasonably feasible vocational goal. *Id.* Mr. Conyers appealed to the Board of Veterans' Appeals ("Board"). *Id.* The Board affirmed the VA's decision that Mr. Conyers' plan for self-employment was "not suitable for his circumstances" and thus denied his claim. *Id.* Mr. Conyers appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *See id.*

During the appeal before the Veterans Court, Mr. Conyers made multiple requests, including motions to compel, that certain documents be added to the administrative record. *See, e.g.*, Appx12–20. In response, the VA served Mr. Conyers amended versions of the record and arranged for him to review his file. *See, e.g.*, SAppx1–6. Central to this appeal, the VA refused to add other documents to the record on grounds that the documents had not been before the Board or constructively possessed by the Board. *See, e.g.*, Appx57–59; SAppx8–11.

On April 9, 2020, the Veterans Court denied a motion to compel the VA to add the additional documents to the record, finding Mr. Conyers' arguments that the documents were constructively possessed by the Board to be without merit. Appx61–65 ("April 2020 Order"). In support, the Veterans Court cited its decision in *Euzebio v. Wilkie*, 31 Vet. App. 394 (2019) ("*Euzebio I*"). Appx64. In *Euzebio I*, the Veterans Court held that for a document to be deemed constructively possessed by the Board, the appellant must establish a "direct relationship" between a document and the appellant's claim (before the Board). *Euzebio I*, 31 Vet. App. at 401–02. Citing *Euzebio I* and referring to its "direct relationship" test, the Veterans

Court concluded that Mr. Conyers had "not shown how the documents are relevant to the issue on appeal or that he is prejudiced." Appx64. Mr. Conyers filed a motion for reconsideration, which the Veterans Court denied. Appx66–67.

Subsequent to the April 2020 Order, this court decided *Euzebio v. McDonough*, 989 F.3d 1305 (Fed. Cir. 2021) ("*Euzebio II*"), which was the appeal of *Euzebio I*. In *Euzebio II*, we concluded that the "direct relationship" standard adopted by the Veterans Court in *Euzebio I* was erroneous. *Id.* at 1321. We held that the correct standard for constructive possession is "relevance and reasonableness." *Id.* Citing *Euzebio II*, Mr. Conyers moved the Veterans Court for reconsideration of the April 2020 Order. Appx81–87.

In March 2021, the Veterans Court issued an order that denied the motion for reconsideration and noted that "any argument that Mr. Conyers has concerning what materials may be considered constructively before the Board can be dealt with during the [Veterans] Court's review of the merits of his appeal." Appx88.

In August 2022, the Veterans Court issued a single-judge decision affirming the Board's rejection of Mr. Conyers' appeal. *Conyers v. McDonough*, No. 17-4423, 2022 WL 3699552, at *1, *4 (Vet. App. Aug. 26, 2022). As to the issue of constructive possession, the decision stated the completeness of the record had "already been adjudicated by the [Veterans] Court's April 9, 2022, [sic] order wherein the [Veterans] Court determined that [the] VA satisfied its obligation to provide a complete [record]." *Id.* at *4.

In September 2022, Mr. Conyers moved for a panel decision, arguing that the Veterans Court had overlooked this court's decision in *Euzebio II*. Appx255–56 & n.40. His request for a panel decision was granted, but the panel affirmed the single-judge decision without addressing or mentioning *Euzebio II*. Appx7. The panel concluded that Mr. Conyers had failed to demonstrate that "the single-

judge order overlooked or misunderstood a fact or point of law prejudicial to the outcome of the petition" or that "there [was] any conflict with precedential decisions of the Court." *Id.*

Mr. Conyers timely appeals. We have jurisdiction under 38 U.S.C. § 7292(c).

## STANDARD OF REVIEW

Our jurisdiction to review decisions of the Veterans Court is limited. *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We review de novo challenges to the validity of statutes or regulations, and we interpret constitutional and statutory provisions "to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c); *Gazelle*, 868 F.3d at 1009. Whether the Veterans Court applied a correct legal standard is a question of law that we review on a de novo basis. *Euzebio II*, 989 F.3d at 1317 (quoting *Sneed v. Shinseki*, 737 F.3d 719, 724 (Fed. Cir. 2013)); *Skaar v. McDonough*, 48 F.4th 1323, 1331 (Fed. Cir. 2022). We do not have jurisdiction to reweigh factual findings reached by the Board, or to reach our own findings of fact in the first instance. 38 U.S.C. § 7292(d)(2); *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013).

## DISCUSSION

Mr. Conyers raises two principal issues on appeal, but we need only address whether the Veterans Court applied the correct legal standard for constructive possession. This is a legal question that we review *de novo*. *See Skaar*, 48 F.4th at 1331 ("[W]hether the Veterans Court applied the correct legal standard for equitable tolling is a question of law we review de novo."). For the reasons stated below, we conclude that the Veterans Court applied an erroneous legal standard.

The concept of constructive possession arises in many legal contexts, including criminal law and property law.[2] In the context of veterans law, the constructive possession doctrine generally applies such that "evidence that is within the Secretary's control and could reasonably be expected to be a part of the record before the Secretary and the Board[] is constructively part of the administrative record." *Euzebio II*, 989 F.3d at 1319 (internal quotations and citations omitted); *see also Lang v. Wilkie*, 971 F.3d 1348, 1353 (Fed. Cir. 2020); *Golz v. Shinseki*, 590 F.3d 1317, 1323 (Fed. Cir. 2010).

At the time when Mr. Conyers filed before the Veterans Court his motion to compel the addition of documents to the administrative record, *Euzebio II* had not issued. The Veterans Court applied its holding in *Euzebio I* and rejected Mr. Conyers' assertion that the documents were constructively possessed by the VA and Board. Appx64.

*Euzebio I* involved a public document that was published while Mr. Euzebio's case was pending before the Board and raised the question of whether the Veterans Court should have deemed the document to have been constructively possessed by the Board when it reviewed Mr. Euzebio's appeal. *Euzebio I*, 31 Vet. App. at 402. Based on its review of prior Veterans Court opinions, the Veterans Court concluded that for a document to be

---

[2]    Generally, constructive possession means "[c]ontrol or dominion over a property without actual possession or custody of it." *Possession*, Black's Law Dictionary (11th ed. 2019) (see sub-definition on "constructive possession"); *see also* 73 C.J.S. *Property* § 54 (stating, in the context of real property law, that "[c]onstructive possession describes the situation in which [a] person who is not in actual physical possession of [the] object can nevertheless be considered in legal possession of the object if it is subject to his or her dominion and control").

considered part of the record under a theory of constructive possession, a veteran must show a "direct relationship" between the document and a claim. *Id.* at 401. The Veterans Court rejected Mr. Euzebio's request to add the document to the administrative record on grounds that he failed to demonstrate a direct relationship between the document and his claim. *Id.* at 402. This is essentially the same rationale the Veterans Court expressed in this case in its April 2020 Order denying Mr. Conyers' motion to compel. *See* Appx64. Mr. Euzebio appealed to this court challenging the Veterans Court's statement of the legal standard applicable for constructive possession.

On appeal, we reviewed the legal standard applied by the Veterans Court and held that the direct relationship test was "without basis in relevant statute or regulation." *Euzebio II*, 989 F.3d at 1320. We reasoned that the Veterans Court had improperly imported the "direct relationship" requirement from earlier Veterans Court opinions, and that the requirement was otherwise "untethered" from applicable legal standards. *Id.* We held that the correct standard for constructive possession is whether the evidence is "relevant and reasonably connected to the veteran's claim." *Id.* at 1321 (internal quotations and citations omitted). We noted that requiring a showing of relevance and not a direct relationship "makes sense in light of the VA's statutory duty to assist veterans in developing the evidence necessary to substantiate their claims." *Id.* (internal quotations and citations omitted). The constructive possession doctrine provides a safeguard that ensures all record documents reasonably expected to be part of a veteran's claim are included in the administrative record. *Id.* at 1325–26.

After *Euzebio II* was issued, Mr. Conyers repeatedly raised the decision to the Veterans Court's attention. *See, e.g.*, Appx117–19, Appx255–56. But the Veterans Court ultimately did not address the issue, failing to even mention *Euzebio II* in any subsequent decisions. For example, in its

order addressing Mr. Conyers' request for reconsideration, the Veterans Court deferred the issue, stating it would be "dealt with" in its review of the merits of the appeal. Appx88. But the issue was not dealt with in the review of the merits. In the single-judge final merits decision, the Veterans Court simply asserted that the dispute had already been addressed by the Veterans Court in its April 2020 Order, an order that predated *Euzebio II*. *See Conyers*, 2022 WL 3699552, at *4. Nor did the Veterans Court confront the issue in December 2022 when faced with Mr. Conyers' request for panel rehearing, which again urged review of *Euzebio II*. *See* Appx9; Appx255–56.

The government argues that the Veterans Court's reliance on *Euzebio I* was not legal error because the Veterans Court's April 2020 Order provides that Mr. Conyers had failed to show how the documents are "relevant" or that he is prejudiced. Appellee Br. 11–12; *see also* Appx64. According to the government, this reference to "relevant" shows that the April 2020 Order was "consistent with" the correct legal standard this court later articulated in *Euzebio II*. Appellee Br. 11–12. The government also argues that if there was any error, such error was harmless and without prejudice. *See, e.g.*, *id.* at 13. We are not persuaded.

In the April 2020 Order, the Veterans Court concluded that Mr. Conyers "has not shown how the documents are relevant to the issue on appeal or that he is prejudiced." Appx64. At a minimum, the government asks us to conflate *Euzebio I* and *Euzebio II* by mixing and matching the concepts of "relevance" and "direct relationship." The government overlooks that in *Euzebio II*, we rejected as "facially incorrect" the argument made by the government that "'direct relationship' and 'relevance' are more or less the same standard." *See Euzebio II*, 989 F.3d at 1324. There is nothing in the April 2020 Order that shows the Veterans Court recognized a distinction between the "relevance" and "direct relationship" standards. There is no basis to conclude that the Veterans Court's pre-*Euzebio II*

order applied the standard we later articulated in *Euzebio II*.

Regarding the government's assertion that any error by the Veterans Court was harmless, we lack jurisdiction to apply the facts to the law and thus to assess whether, under the correct legal standard, the Board had constructive possession of the requested documents. This is a question for the Veterans Court. *Id.*; *see also* 38 U.S.C. § 7292(d)(2).

We hold that the Veterans Court applied an erroneous legal standard for constructive possession. We therefore vacate the decision of the Veterans Court and remand with instructions that the Veterans Court apply the correct standard set forth in *Euzebio II* in its review of Mr. Conyers' claim that certain documents be made part of the administrative record and considered in the review of his appeal of the denial of his application for Readiness and Employment program benefits.

## CONCLUSION

We hold that the Veterans Court applied an incorrect standard in its constructive possession analysis. We vacate the decision of the Veterans Court and remand for the Veterans Court to apply the legal standard that we articulated in *Euzebio II*. Because we vacate and remand, we need not reach Mr. Conyers' other arguments.

## VACATED AND REMANDED

### COSTS

Costs to Mr. Conyers.