NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARIO D. COVINGTON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1100

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-1751, Judge Amanda L. Meredith.

---

Decided:  June 2, 2026

---

MARIO D. COVINGTON, Sacramento, CA, pro se.

CATHERINE M. YANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, CHEN, and STARK, *Circuit Judges.*

PER CURIAM.

Mario D. Covington appeals a final decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his request for an effective date prior to June 9, 2017, for service-connected post-traumatic stress disorder ("PTSD"). We lack jurisdiction over his appeal and, accordingly, dismiss.

I

Mr. Covington served on active duty at times between August 2007 and January 2011. On July 15, 2011, he filed an informal claim for service-connected PTSD with the Department of Veterans Affairs ("VA"). Three days later, he submitted medical records related to his claim. The VA responded with a letter acknowledging the informal claim and explaining that, in order to process it, Mr. Covington would need to complete, sign, and return an application enclosed with the letter. Mr. Covington did not return the application; he made no further submissions to the VA until years later when, on June 9, 2017, he filed a claim for depression (a claim later amended to include other conditions, including substance abuse).

In April 2019, the VA granted Mr. Covington service connection for PTSD and substance use disorders, resulting in a 100% rating, effective June 9, 2017. Believing he was entitled to an effective date of November 25, 2010 – the date on which he was formally medically discharged from service – Mr. Covington filed a Notice of Disagreement with the Board. The Board denied Mr. Covington an effective date prior to June 9, 2017, and the Veterans Court affirmed. This appeal followed.

II

We have limited jurisdiction over appeals from the Veterans Court. *See Conyers v. McDonough*, 91 F.4th 1167, 1170 (Fed. Cir. 2024). "Except to the extent that an appeal . . . presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Mr. Covington alleges several errors in the Veterans Court's decision, but none confer us with jurisdiction.

First, Mr. Covington appears to allege the Veterans Court erred in not finding the Board committed clear and unmistakable error ("CUE") in failing to grant him an earlier effective date. However, Mr. Covington did not present a CUE issue at the Veterans Court and, consequently, that court did not address CUE. We lack jurisdiction to consider a CUE claim that has not properly been raised below. *See Belcher v. West*, 214 F.3d 1335, 1337 (Fed Cir. 2000) (finding no jurisdiction to review an issue not raised to Veterans Court); *see also George v. McDonough*, 596 U.S. 740, 744 (2022) ("At any time, a veteran may ask *the Board or regional office* to revise a final benefits decision on grounds of 'clear and unmistakable error.'") (emphasis added); *see also* 38 C.F.R. § 3.105(a)(1)(vii) (CUE filing requirements).

Next, Mr. Covington contends that he should be entitled to an earlier effective date under 38 C.F.R § 3.1(p). Section 3.1(p) merely defines what materials constitute a claim. At best, Mr. Covington only challenges how the definition described in § 3.1(p) (and the claims process outlined in other regulations, such as 38 C.F.R § 3.155(a)) were applied to his claim. But we lack jurisdiction to review how these regulations were applied to the specific facts of Mr. Covington's claim.

Finally, Mr. Covington points to additional medical records he submitted after his July 15, 2011 informal claim. But he does not develop an argument regarding

these records or show how they give us jurisdiction over his appeal.

### III

We have considered Mr. Covington's remaining arguments and find they do not demonstrate that we have appellate jurisdiction. Accordingly, for the foregoing reasons, we dismiss.

**DISMISSED**

COSTS

No costs.